OPINION
{¶ 1} Defendant-appellant Energy Insurance (Bermuda) Ltd. [hereinafter Energy] appeals from the January 27, 2003, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of plaintiffs-appellees Kenneth R. Jones and Mary B. Jones [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 27, 1999, Kenneth R. Jones was injured in an automobile accident with an underinsured motorist. Kenneth Jones was riding a motorcycle which he owned.
 {¶ 3} Kenneth Jones was an employee of American Electric Power [hereinafter AEP]. AEP was insured under two policies issued by Federal Insurance Company [hereinafter Federal]: a business auto policy and a general liability policy.[1] AEP was also insured under an umbrella policy issued by Energy Insurance (Bermuda) Ltd. [hereinafter Energy].
 {¶ 4} At the time of the accident, Kenneth Jones was married to Mary Jones. Mary Jones was an employee of M.K. Morse Co. M.K. Morse Co. was insured by American Motorists Insurance Co. [hereinafter American] through three policies: an automobile policy, a commercial general liability policy and an umbrella policy.
 {¶ 5} On May 30, 2001, appellees filed a complaint against Federal and American, seeking uninsured/underinsured [hereinafter UM/UIM coverage]. Federal removed the action to the United States District Court in the Northern District of Ohio on July 5, 2001. While the case was pending before the United States District Court, appellees filed an amended complaint on September 18, 2001, adding Energy as a defendant.
 {¶ 6} On November 15, 2001, the United States District Court remanded the matter to the Stark County Court of Common Pleas for want of jurisdiction. Federal appealed the District Court's remand to the United States Court of Appeals for the Sixth Circuit on December 11, 2001. However, the Sixth Circuit also dismissed for want of jurisdiction. Federal then appealed that decision to the Supreme Court of the United States. The petition was denied and the matter was returned to the Stark County Court of Common Pleas.
 {¶ 7} While Federal's appeal to the United States Supreme Court was still pending, the Stark County Court of Common Pleas entered a scheduling order requiring appellees to file their motion for summary judgment by May 1, 2002. The scheduling order also required the defendants to file their motions for summary judgment by June 3, 2002. The matter was set for non-oral hearing on July 2, 2002. The motions and responsive briefs were timely filed by all parties.
 {¶ 8} On December 17, 2002, the trial court entered summary judgment in favor of appellees as to the Energy excess policy.[2] The trial court held that the Energy policy in effect from January 1, 2001, until July 1, 2001, extended coverage in an amount equal to the liability limits of the policy.[3]
 {¶ 9} On January 27, 2003, the trial court entered a Nunc Pro Tunc Judgment Entry, adding Civ. R. 54(B) language to its prior Judgment Entry. Thereafter, Energy appealed the trial court's Entry of summary judgment raising the following assignment of error:[4]
 {¶ 10} "The trial court erred when it held that the Energy Insurance (Bermuda) Ltd. (`EIB') Policy at issue extended Uninsured-Underinsured motorist coverage to appellees."
 {¶ 11} In the sole assignment of error, appellant Energy contends that the trial court erred when it found appellees Kenneth and Mary Jones entitled to UM/UIM coverage under an umbrella policy issued by Energy to AEP. We agree.
 {¶ 12} Ultimately, appellees are seeking UM/UIM coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 662,710 N.E.2d 1116, 1999-Ohio-2920. The Energy policy does not contain UM/UIM coverage, but appellees' position is that that coverage arises by operation of law. The Ohio Supreme Court has recently limitedScott-Pontzer. In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, the Ohio Supreme Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. Even though Galatis deals with the definition of an insured when there is express UM/UIM coverage, the reasoning was applied to UM/UIM coverage which arises by operation of law in the case of In reUninsured and Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888. The Supreme Court further held that "where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 13} In this case, no injury was sustained in the course and scope of appellee Kenneth Jones' employment with AEP. Kenneth Jones is not a named insured. Therefore, assuming, arguendo, that the umbrella policy provided UM/UIM coverage, neither appellee would be an insured thereunder.
 {¶ 14} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 15} The judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant Energy Insurance (Bermuda) Ltd. on its Motion for Summary Judgment regarding its umbrella policy issued to American Electric Power.
Gwin, P.J. and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. Judgment is granted to Energy Insurance (Bermuda) Ltd. on its Motion for Summary Judgment regarding its umbrella policy issued to American Electric Power. Costs to appellees.
[1] The policy period of each policy was July 1, 1997, through July 1, 2000.
[2] Although not relevant to the appeal herein, the trial court held that the American policies did not extend coverage to appellees and that there was $300,000.00 in UM/UIM coverage to be available to appellees under the Federal Business Auto Policy and $1,000,000.00 in UM/UIM coverage to be available to appellees under the Federal General Liability Policy.
[3] Although not specifically stated in the trial court's Entry, a review of the Energy policy reveals a $24,750,000.00 per occurrence limit of liability.
[4] In a related appeal, appellees, Robert and Mary Jones, appealed in regard to the American policies, and that appeal was docketed as Stark App. No. 2003CA00084. In another related appeal, Federal Insurance Co. filed an appeal and that appeal was docketed as Stark App. No. 2003CA00066.